IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DEAN ANTHONY BLANTON, | : |
| Petitioner, | : |
| VS. | : |
| | :     7: 13-CV-165 (HL) |
| SHERIFF CHRIS PRINE, | : |
| Respondent. | : |

### RECOMMENDATION

Petitioner, a pretrial detainee, filed with the Clerk of Court this federal habeas corpus Petition pursuant to 28 U.S.C. § 2241 on December 18, 2013. (Doc. 1). Presently pending before the Court is Respondent's Motion to Dismiss. (Doc. 10).

### Background

In February of 2013, Petitioner filed a previous habeas petition in this Court alleging constitutional violations arising from his arrest and pretrial detention which began in July of 2010. *See Blanton v. Prine*, Case Number 7:13-CV-15 (TQL). That case was dismissed for Petitioner's failure to exhaust his state remedies. *Id.* at Doc. 18. Petitioner has filed the current habeas Petition again alleging constitutional violations resulting from his arrest and pretrial detention. (Doc. 1). In his Motion to Dismiss, Respondent maintains that Petitioner has not exhausted his state law remedies. (Docs. 10, 11). Petitioner asserts that, under the circumstances, the Court should find that he has exhausted his state remedies. (Docs. 13, 16).

### Discussion

Petitions filed pursuant to 28 U.S.C. § 2241, like all habeas petitions, are subject to the exhaustion requirement. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004). "It has been settled since *Ex parte Royall*, 117 U.S. 241 (1886),

that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner bears the burden of proving that he has exhausted available state remedies, and retains the burden to prove all facts relevant to the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3rd Cir. 1997); *Bethel v. Thomason*, 2011 WL 3320609, *2 (S.D. Ala., July 15, 2011); *Mack v. Singletary*, 142 F.Supp.2d 1369, 1375 (S.D. Fla. 2001).

Petitioner may exhaust the ground in this federal Petition through direct appeal or through a state habeas petition. Exhaustion does not require a petitioner to seek collateral review of issues adjudicated on the merits on direct appeal. *Walker v. Zant*, 697 F.2d 1087 (11th Cir. 1982). Petitioner filed several direct appeals. (Docs. 17-2 – 17-5). However, Petitioner did not raise the issue presented in this federal habeas Petition in any of his direct appeals. Accordingly, Petitioner's direct appeals do not satisfy the exhaustion requirement.

Additionally, Petitioner's claim has not been exhausted by Petitioner's state habeas petition. While Petitioner appears to have filed some type of state habeas petition, there is no evidence Petitioner filed a certificate of probable cause to appeal the state habeas court decision. (Doc. 17-1). Petitioner must file a certificate of probable cause to appeal to successfully exhaust his state habeas petition. *See Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004) (finding the petitioner failed to exhaust his state remedies by failing to petition the Georgia Supreme Court

2

for a certificate of probable cause to appeal the denial of his state habeas petition). As Petitioner has not filed a certificate of probable cause to appeal, his state habeas petition does not satisfy the exhaustion requirement.

In Petitioner's Response to Respondent's Motion to Dismiss, Petitioner contends that Respondent's failure to attend a state court habeas hearing in February of 2013 has resulted in a waiver of exhaustion. (Doc. 13). Respondent's alleged failure to raise an exhaustion defense during a state court hearing which was held almost a year before this federal Petition was filed does not waive the *federal* exhaustion requirement. *See e.g.* 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.").

Petitioner has failed to exhaust available state court remedies regarding the ground for relief raised in this federal habeas Petition. Therefore, it is the recommendation of the undersigned that Respondent's Motion to Dismiss be **GRANTED** and that this federal habeas corpus Petition be **DISMISSED** without prejudice to the Petitioner's right to refile once he has exhausted the remedies available to him in the state court system.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 21st day of July, 2014.

                                                s/ ***THOMAS Q. LANGSTAFF***
                                                UNITED STATES MAGISTRATE JUDGE

llf